**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HELEN TYNE MAYFIELD**, *et. al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00795** |
| | § | |
| **CITY OF COLLEGE STATION**, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT BRAZOS COUNTY'S**
**RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**
**PLAINTIFFS' ORIGINAL COMPLAINT**

DEFENDANT BRAZOS COUNTY ("Brazos County" or the "County") timely files this Motion to Dismiss Plaintiffs' Original Complaint, and in support thereof, the County would respectfully show the Court the following:

## I.    INTRODUCTION

Plaintiffs Helen Tyne Mayfield ("Mayfield") and James Campbell's ("Campbell") Original Complaint brings a myriad of unintelligible claims against almost every government actor, and some private actors, allegedly involved in a vast, clandestine conspiracy related to Mayfield's criminal charges, her arrest, her prosecution by the State of Texas in the 361st District Court of Brazos County, Texas, and, ultimately, her convictions.

Plaintiffs seek injunctive relief and damages for alleged violations of Mayfield's civil rights arising from the events that led to her state court forgery conviction in 2008.

All of Plaintiffs' causes of action fail as a matter of law on a number of grounds. First, Plaintiffs' claims must be dismissed under Rule 12(b)(1) because: (1)  Plaintiffs' Complaint as a whole is frivolous on its face, lacking any grounds for jurisdiction;  (2) Brazos County is immune

from suit and liability under the Privacy Act; (3) Plaintiffs lack standing to obtain the declaratory relief sought in their Complaint; and (4) the Court lacks subject matter jurisdiction over any criminal statutes.

Second, Plaintiffs' claims should be dismissed under Rule 12(b)(6) because: (1) the Complaint, on its face, is frivolous; (2) Plaintiffs' causes of action are barred and should be dismissed under the Heck Doctrine; (3) Plaintiffs cannot establish liability against Brazos County under Monell; (4) Plaintiffs' claims are barred by limitations; and (5) Plaintiffs have failed to adequately plead a claim for conspiracy.

As fully briefed below, Plaintiffs' Complaint warrants dismissal on multiple grounds pursuant to Rules 12(b)(1) and 12(b)(6) of the FEDERAL RULE OF CIVIL PROCEDURE. Accordingly, the County respectfully requests that the Court grant their Motion to Dismiss.

## II.   BACKGROUND

In 2006, the Brazos County District Attorney's Office (the "District Attorney") charged Mayfield with passing twelve forged American Express traveler's checks. A grand jury presented twelve indictments for forgery against Mayfield, and each indictment was assigned a different cause number by the District Clerk. She went to trial on four of the indictments, and a jury convicted her in each case.[1]

Mayfield was not tried on the other eight indictments, and those indictments were eventually dismissed.[2] After her convictions, the trial court sentenced her to twenty-four months in state jail. Mayfield appealed those convictions to the Tenth Court of Appeals, Waco, Texas.

---

[1]   Ex. 1, Memorandum Opinion, attached hereto and incorporated by reference.
[2]   Ex. 2, Memorandum Opinion; Ex. 3, Dismissals, attached hereto and incorporated by reference.

On July 28, 2010, the Tenth Court of Appeals issued a Memorandum Opinion affirming Mayfield's convictions, finding that the evidence was "legally and factually sufficient to sustain [her] forgery conviction."[3] The Court of Appeals also overruled Mayfield's challenge to the search warrant of her home.[4] The Texas Court of Criminal Appeals struck Appellant's petition for discretionary review, leaving Mayfield's conviction undisturbed.

In 2012, Plaintiffs previously attempted to file a substantially similar lawsuit, *Mayfield v. City of College Station*, Misc. Action No. 4:12-mc-00454 (S.D. Tex.), but Judge Kenneth M. Hoyt denied Plaintiffs' application to proceed in forma pauperis, stating the "claim is based on a nonsense claim and is frivolous."[5]

### III.   FACTUAL ALLEGATIONS AND DEFICIENT PLEADINGS

Undeterred with Judge Hoyt's prior ruling, Plaintiffs filed the instant Motion for Temporary Injunction, Amended Original Petition and Jury Demand on March 3, 2023 (the "Complaint").[6] Mayfield alleges that she is a former attorney and social worker.[7] According to the Complaint, Campbell is her son.[8] Mayfield filed the Complaint *pro se*, purportedly on behalf of herself and Campbell. Plaintiffs allege causes of action (primarily in a collective, conclusory

---

[3]   Ex. 1, Memorandum Opinion.

[4]   *Id.*

[5]   Ex. 4, Plaintiffs' 2012 Complaint, attached hereto and incorporated by reference; Ex. 5, Order, attached hereto and incorporated by reference.

[6]   *See* Doc. 1. For instance, Mayfield and Campbell are named as plaintiffs and claims one (1) through nine (9) are the same as in the instant case. The major difference between the two complaints is the use of a larger font and the attachment of Mayfield's affidavit to the complaint filed in this action.

[7]   *Id.* at ¶ 1.

[8]   Although both Mayfield and Campbell are listed as Plaintiffs herein, there do not appear to be any facts supplied that which would tend to indicate Campbell suffered a constitutional violation/injury of any kind, or a state tort related injury, at the hands of any particular Defendant herein, or otherwise. Accordingly, any claim by Campbell should be dismissed.

fashion) against all the Defendants that are rambling, vague and ambiguous, making it very challenging to follow.

At the outset, the gravamen of Plaintiffs' complaint is a collateral attack on Mayfield's past convictions. Mayfield frivolously alleges that the various government defendants "singled out" Mayfield and her son to "accuse[] [them of] terrorism and an alleged connection to Brandon Mayfield, forgery of a financial instrument and the Madrid bombing because of their race and sex."[9] Mayfield further claims that the City of College Station, the City of Bryan, Brazos County, and the police departments of the two respective cities "were part of a task force that engaged in the warrantless searches and [her] arrest [on] fifty four plus counts of forgery of a financial instrument" because of her participation in the "protected activity" of "back order payment representative authorized by the IRS tax code 515, 519, 901 and the North American Trade Agreement, and the Good and Friendly Treaty signed by the United States."[10] Mayfield claims she was "wrongfully arrested, tried, and convicted of twelve counts of forgery of a financial instrument as a maker for checks sent to her in the mail by a potential client . . ." and, subsequently, the State of Texas re-indicted her, tried cases against her, and obtained convictions against her without notice and in her absence.[11] Plaintiffs claim these convictions lead the Texas Board of Disciplinary Appeals to conspire with the other defendants and wrongfully disbar Mayfield.[12]

The vague, commingled nature of Plaintiffs' complaint makes deciphering any particular allegations against Brazos County difficult. Nevertheless, with this is mind, Brazos County

---

[9]  Doc. 1 at ¶ 1.
[10]  *Id.*
[11]  *Id.* at ¶¶ 1 and 58.
[12]  *Id.*

interprets the Plaintiffs' complaint to make these claims in support of her causes of action against

County:[13]

- her convictions should be overturned because Brazos County officials engaged in unlawful conduct that led to unlawful searches and seizures, her unlawful arrest, and her unlawful convictions;[14]

- she was falsely imprisoned because Brazos County officials refused to reform her judgment;[15]

- Brazos County officials invaded Mayfield's privacy[16] and defamed her by leaking information that led the media to label Mayfield as money launderer, terrorist, counterfeiter/forger;[17] and

- she is entitled to injunctive relief that compels Brazos County to return her client records and files.[18]

Plaintiffs sum up their complaint by vaguely and outlandishly alleging that Mayfield

"endured fifteen years of burglaries of her homes and vehicles and other places to maintain her

conviction by the College Station, Brazos County, the Task Force, TSA and others."[19]

---

[13]   These are a few examples of the allegations.

[14]   Doc. 1 at ¶ 22 (the United States Attorney General and its agents, acting with the Brazos County police as part of a federal task force knowingly and recklessly filed false and misleading affidavits with the Foreign Intelligence Surveillance Act (FISA) and Brazos County courts and Courts of Appeals which Mayfield was never allowed to see or read but were referred to in a Court of Appeals decision); *id.* at ¶ 23 (pp. 13 – 14) (Employees of the FBI and Brazos County police concocted false and misleading affidavits in order to justify even more intrusive searches and in order to justify the arrest of Mayfield as a 'counterfeiter/forger); *id.* at ¶ 23 (p. 15) (the local police with the assistance of the prosecutor concocted affidavits which at no time were presented to Mayfield); *id.* at ¶ 26; *id.* at ¶¶ 34, 48, 58

[15]   *Id.* at 58 (Brazos County along with other defendants "caused the State to keep Mayfield six and a half months over her two year maximum sentence because they refused to schedule her motions *nun pro tunc* to reform the judgment")

[16]   *Id.* at ¶ 58 (violation of the Educational Privacy Act when Brazos County prosecutors illegally obtained Mayfield's law school transcripts by alleging she was a "terrorist, violent criminal or sex offender")

[17]   *Id.* at ¶¶ 23 (p. 16) and 58.

[18]   *Id.* at ¶ 58.

[19]   *Id.*

Plaintiffs allege ten (10) total claims, one (1) through nine (9) purportedly against Brazos

County as summarized in the table below:

| Claim | Summary |
|---|---|
| 1 | Claims alleging false imprisonment and malicious prosecution for not counting Mayfield's seven months house arrest as part of her sentence.  Seeks damages for mental anguish, loss of reputation, and impairment of earning capacity (as a lawyer), and punitive damages.[20] |
| 2 | Deprivation of Familial Rights as to James Campbell.  Seeks punitive damages.[21] |
| 3 | Claims alleging Mayfield and Campbell were subjected to unlawful searches and seizures.  Seeks punitive damages.[22] |
| 4 | Claims alleging Campbell was subjected to unlawful searches and seizures.  Seeks punitive damages.[23] |
| 5 | Mayfield's privacy claims, 5 U.S.C. § 552a, alleging that from the day before her arrest on August 10, 2007 until she was released from state jail, unknown persons within FBI and DOJ and Brazos County leaked information in Mayfield's DOJ and FBI files to the press and the State Bar.[24] |
| 6 | Claim for Injunctive and Declaratory Relief (FISA Searches and Surveillance).[25] |
| 7 | Claim for Injunctive Relief (return of property improperly seized).[26] |

---

[20] *See id.* ¶¶ 62-63.

[21] *See id.* ¶ 66.

[22] *See id.* ¶ 71.

[23] *See id.* ¶ 74.

[24] *See id.* ¶¶ 75 – 86.

[25] *See id.* ¶¶ 87 – 90 (Plaintiff seeks a declaratory judgment that 1) the provisions of the FISA and the Patriot Act that permit the federal government to collect disseminate, and retain info on a person without first requiring probable cause are unconstitutional; 2) the provisions of the FISA and the Patriot Act that permit "sneak and peak" physical searches without first requiring probable cause are unconstitutional; 3) the provisions of the FISA and the Patriot Act that permit the federal government to conduct electronic surveillance and wiretaps without first requiring probable cause are unconstitutional; and 4) that municipal employees committing perjury to create probable cause entitles a person to damages for civil rights violations. Plaintiff also seeks an injunction requiring FBI, DOJ etc. to return or destroy all evidence collected pursuant to FISA authorized searches; to seek the return/destruction of such information from other agencies; and to refrain from redistributing any such information).

[26] *See id.* ¶¶ 91 – 93.

| 8 | Claim alleging a violation of 42 U.S.C. § 1983.[27] |
| 9 | Claim alleging violations of 18 U.S.C. §§ 241, 242.[28] |

## IV. LEGAL STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Dismissal is appropriate under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (internal citation and quotation marks omitted). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010); *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff bears the burden to prove that jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

The Court has the power to make factual findings that are decisive of jurisdiction. "There is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to Plaintiff's allegations. . . ." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Although in examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute, ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. Cty. of Madison, Miss.*,

---

[27] *See id.* ¶¶ 94 – 100.
[28] *See id.* ¶¶ 101 – 105.

143 F.3d 1006, 1010 (5th Cir. 1998).

A court may find a lack of subject matter jurisdiction based upon any one of three standards: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

## B.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

A complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The terms of Rule 12(b)(6) authorize dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* 12(b)(6). Under Rule 12(b)(6), the Supreme Court has emphasized, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); accord *Little v. KPMG LLP*, 575 F.3d 533, 541 (5th Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Young v. Vannerson*, 612 F.Supp.2d 829, 846 (S.D. Tex. 2009). Plaintiffs' Complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Twombly*, 550 U.S. 544, 555, and n.5. Plaintiffs' obligation to "provide the 'grounds' of [their] 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, (1986) (internal quotations omitted)). A complaint must allege enough facts to move past "possibility" and on to "plausibility of entitlement to relief." *Id.* at 557. "Thread-bare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not required to accept mere "legal conclusions" as "true." *Id.* Legal conclusions, instead, "must be supported by factual allegations." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Plaintiffs are proceeding *pro se*; therefore, the Court is bound to liberally construe their Complaint with all possible deference, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and a *pro se* plaintiff ordinarily should be given "every opportunity" to state a possible claim for relief. *Hitt v. Cty. of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); FED. R. CIV. P. 15(a). Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend, unless an amendment would be futile. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

The pleadings and claims within Plaintiffs' Complaint are speculative, vague, conclusory, and/or otherwise fail to factually state a facially plausible claim upon which relief can be granted with respect to the causes of action alleged against Brazos County (and all the other Defendants).[29] For the reasons articulated below, amendment would be futile, and the Court should dismiss Plaintiffs' Complaint.

## V.   ARGUMENT & AUTHORITIES

### A.   Motion to Dismiss Pursuant to Rule 12(b)(1).

---

[29]   *See, generally,* Doc. 1.

While a *pro se* Complaint is held to a less stringent standard, it still must establish subject-matter jurisdiction. Even with this less stringent standard, Plaintiffs fail to allege any facts to support the Court's jurisdiction over their claims.

### i.      Plaintiffs' Complaint as a whole is frivolous on its face, lacking any grounds for jurisdiction.

Like Plaintiffs' case in 2012, the instant *pro se* Complaint is frivolous on its face and fails to establish jurisdiction.  "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks and citation omitted). A court has the power to dismiss for lack of subject-matter jurisdiction where the claims are "immaterial or [are] wholly unsubstantiated and frivolous."  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741–42 (5th Cir. 1986).  This case should be dismissed on this basis alone. However, there are additional grounds to dismiss for lack of subject-matter jurisdiction.

### ii.      Brazos County is immune from suit and liability under the Privacy Act.

Plaintiffs allege in their Fifth Cause of Action violations of the Privacy Act, but the Court lacks subject matter jurisdiction to consider these claims.

"Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies."  *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). The Eleventh Amendment recognizes the background constitutional principle that states, as separate sovereigns, are inherently immune from suit without their consent. *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39–40 (1994); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *see also* THE FEDERALIST NO. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961) ("It is inherent in the nature of [a State's] sovereignty not to be amenable to the suit of an individual without its consent.").  This immunity extends to so-called arms of the

state, entities which are effectively the state itself because "the state is the real, substantial party in interest" to the lawsuit. *Hudson v. Cty. of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999) (quoting *Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344 (5th Cir. 1998)); *see also Mt. Healthy Cty. Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

While sovereign immunity protects the State and its agencies, governmental immunity provides similar protection to the State's political subdivisions, such as counties, cities, and school districts. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). Although sovereign and governmental immunity are distinct, the terms are often used interchangeably. *Id.* at 58; *see Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

Governmental immunity renders Brazos County, its departments, and its employees in their official capacities as agents of Brazos County immune from suit except to the extent the county has consented to be sued. *Wasson Interests, Ltd. v. Cty. of Jacksonville*, 489 S.W.3d 427, 429–30 (Tex. 2016) (Wasson I); *Norman*, 342 S.W.3d at 57–58; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Consent to suit must ordinarily be found in a constitutional provision or legislative enactment. *Cty. of Fort Worth v. Pridgen*, 653 S.W.3d 176, 181-82 (Tex. 2022) (citing *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019)); *Taylor*, 106 S.W.3d at 695. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *see also Jones*, 8 S.W.3d at 638 ("The party suing the governmental entity must establish the state's consent . . . .").

In paragraphs 75 – 86 of the Complaint, Plaintiffs allege a litany of vague actions taken by the Defendants, including Brazos County, that caused "extreme mental anguish and humiliation,

embarrassment," for the Privacy Act claim. Plaintiffs seek compensatory damages from Brazos County (and from the police departments for the Cities of Bryan and College Station). First, the Act only authorizes a private right of action against an "agency" of the United States government. 5 USC § 551(1) ("agency" means each authority of the Government of the United States); 5 U.S.C. §§ 552a(a)(1), (g)(1)-(5). Brazos County is not an agency of the United States government. Accordingly, the Act does not waive Brazos County's governmental immunity from suit or liability from such harms. Second, in *F.A.A. v. Cooper*, the Supreme Court held "that the Privacy Act does not unequivocally authorize an award of damages for mental or emotional distress." 556 U.S. 284, 304 (2012); *see also* 5 U.S.C. § 552a(g)(4)(A). Thus, there is no subject matter jurisdiction to the extent Plaintiffs seek damages for mental anguish under the Privacy Act. For these reasons, the Court lacks subject matter jurisdiction, and Plaintiffs' Privacy Act should be dismissed.

### iii.      Plaintiffs lack standing for the declaratory relief sought.

Plaintiffs' Sixth Cause of Action seeks a declaratory judgment that certain provisions of FISA and the Patriot Act are unconstitutional.[30]   The Court lacks subject matter jurisdiction to entertain this claim because it does not involve a case or controversy to which judicial power extends under Article III of the Constitution of the United States.

"Article III, § 2, of the Constitution extends the 'judicial power' of the United States only to 'cases' and 'controversies.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Thus, the exercise of federal judicial power depends on the existence of a case or controversy. *See Peter v. Newkirk*, 422 U.S. 395 (1975). Courts lack subject matter jurisdiction when the claim does not constitute a case or controversy under Article III.   *See Powell v.*

---

[30]   Doc. 1, ¶¶ 87 – 90.

*McCormack*, 395 U.S. 486, 512-13 (1969).

To establish Article III standing, a claimant must demonstrate "an injury-in-fact caused by a defendant's challenged conduct that is redressable by a court." *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010); *Dep't. of Texas, Veterans of Foreign Wars of U.S. v. Texas Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) (en banc). Plaintiffs must demonstrate: (i) an injury in fact, (ii) caused by Brazos County, and (iii) that can be redressed by a favorable ruling on their claims that the Patriot Act violates the Constitution of the United States.  Plaintiffs fail on all three elements. For Article III standing purposes, the injury must be concrete, particularized, and actual or imminent; an abstract injury is not sufficient. *Davis v. FEC*, 554 U.S. 724, 733, 128 S.Ct. 2759 (2008); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *National Federation of the Blind of Texas, Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011). Plaintiffs' claims for declaratory relief attacking the constitutionality of FISA and the Patriot Act are frivolous and do not rise to the level of a case or controversy. Accordingly, Plaintiffs lack standing to assert these claims, and the Court lacks subject matter jurisdiction to adjudicate these claims.

### iv.    The Court lacks subject matter jurisdiction over any criminal statutes.

In Plaintiffs' Ninth Cause of Action, they allege violations of criminal statutes, 18 U.S.C. § 241 & 242. Like the Privacy Act, these provisions do not provide for a private cause of action against Brazos County, and thus, subject matter jurisdiction is also lacking. *See Johnson v. Federal Bureau of Investigatio*n, Civil Action No. H-16-1337, 2016 WL 9776489 at *3 (S.D. Tex. Nov. 17, 2016) (collecting cases).

In summary, the claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1).  However, and in the alternative, all the claims should be dismissed under Rule 12(b)(6).

**B.     The Court Should Dismiss Plaintiffs' Lawsuit Because They Fail to State Claims Upon Which Relief May be Granted Pursuant to Rule 12(b)(6).**

All of Plaintiffs' allegations are conclusory, ambiguous and vague.  To that end, the *pro se* Complaint is frivolous and should be dismissed because each cause of action "lacks an arguable basis in law or fact" and "relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (citation omitted).  Nevertheless, Brazos County will address additional points justifying dismissal under Rule 12(b)(6).

**i.     Plaintiffs' causes of action are barred and should be dismissed under the *Heck* Doctrine.**

Plaintiffs' First, Third, and Fourth causes of action rest upon claims of false imprisonment, malicious prosecution, and unlawful searches and seizures. Plaintiffs' Second cause of action alleges a deprivation of familial rights as to James Campbell.[31]  In their Sixth and Seventh causes of action, Plaintiffs seek injunctive and declaratory relief.  Plaintiffs' Eighth cause of action alleges a civil rights violation (substantive and procedural Due Process) and cites to  42 U.S.C. § 1983.

At the outset, Plaintiffs concede that Mayfield was convicted of several counts of forgery of financial instruments by a Brazos County jury on July 25, 2008, and served a two-and-a-half

---

[31]  The issue of deprivation of familial rights is seemingly an issue of state law. However, federal courts have analyzed this issue in cases involving allegations of constitutional violations against state actors. *See, e.g., McCullough v. Herron*, Civil Action No. 4:17-cv-00083, 2019 WL 5088055 at *8 (S.D. Tex. Sept. 3, 2019) (case involving alleged constitutional violations resulting from the forcible removal of plaintiff's children by Texas Dept. of Family Protective Services; includes a discussion of whether the law was clearly established in prior decisions involving claimed deprivation of familial rights); *Chavez v. Law Vegas Metropolitan Police Dept.*, Civil Action No. 2:11-cv-01445, 2014 WL 374444 at *10 (D. Nev. Feb. 3, 2014) (discussion of the Fourteenth Amendment liberty interest in the companionship and society of children, in a civil rights and wrongful death action against the Las Vegas Metro. Police Dept.); *L.F. by and through Brown v. City of Stockton*, Civil Action No. 2:17-cv-01648, 2020 WL 4043017 at *13-14 (E.D. Cal. July 17, 2020) (discussion of deprivation of familial rights under the First and Fourteenth Amendments in a lawsuit brought under 42 U.S.C. § 1983).

year sentence.[32]  All causes of action pled by Plaintiffs are barred under the *Heck* doctrine because a favorable ruling on any or all cause(s) of action necessarily would implicitly call into question or undermine the validity of Mayfield's convictions.[33]

In *Heck v. Humphrey*, the Supreme Court explained that a plaintiff must show that her conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254" to recover monetary damages or be granted declaratory or injunctive relief.  512 U.S. 477, 486-87 (1994); *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (per curiam) ("[The plaintiff's] claim, whether for damages, declaratory judgement or injunctive relief is similarly not cognizable in a § 1983 action because it implies the invalidity of his conviction, and he has not shown his conviction to have been overturned or otherwise declared invalid,") (citing *Heck*, 512 U.S. at 486).

"The fundamental rationale behind the *Heck* bar is that '[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,' where 'requests for relief turning on circumstances of confinement may be presented in a § 1983 action.'" *Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). The question under *Heck* is whether a plaintiff's claim is "necessarily inconsistent" with her conviction, or whether it can "coexist" with the conviction "without calling it into question."  *Smith v. Hood*, 900 F. 3d 180, 185 (5th Cir. 2018) (quotation omitted); *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008) (It is well-settled under *Heck* that when a plaintiff brings a Section 1983 claim, the district court must "consider whether a judgment in favor of the

---

[32]  Doc. 1, pp. 3 – 4; *see also* Exhibit 1, Memorandum Opinion.
[33]  Compare Ex. 1, Memorandum Opinion, with Doc. 1.

plaintiff would necessarily imply the invalidity of his conviction or sentence.") (quoting *Heck*, 512 U.S. at 487). As the Fifth Circuit has explained, if a favorable ruling would "implicitly call into question" or "undermine" the "validity" of plaintiff's conviction, then it is barred.  *See Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) (per curiam).

In this case, the gravamen of Plaintiffs' complaints against Brazos County – and the other Defendants – is that Plaintiffs were subject to a litany of unlawful actions (false imprisonment, malicious prosecution, illegal searches and seizures, and civil rights violations) that resulted in Mayfield's arrest and conviction.[34]  Plaintiffs complain of the search of their home, the alleged lack of a search warrant, seizure of property, and probable cause for Mayfield's arrest.  These claims are a collateral attack on Mayfield's conviction, and the constitutionality of those actions is germane to the validity of Mayfield's conviction.

Mayfield appealed her conviction on the four counts of forgery. Her conviction was affirmed.[35]  On direct appeal, she challenged the denial of her motion to suppress in the trial court arguing in part that the search warrant was not supported by probable cause and the affidavit contained false statement, and the court of appeals overruled her point of error.[36]  Mayfield also made other unsuccessful attempts to invalidate her conviction, including filing Petitions for Discretionary (Nos. PD-1336/1337/1338/1339-10 in the Court of Criminal Appeals of Texas); Petitions for Writ of Certiorari (Nos. 13-7100, 21-7501 in the Supreme Court of the United States), and several Applications for Writ of Habeas Corpus (Nos. WR-761-17, WR-73,761-19 WR-73,761-33 in the Court of Criminal Appeals of Texas).

---

[34]  *See, e.g.,* Doc. 1 at ¶¶ 22, 23, 26, 34, 48, and 58.
[35]  Doc. 1, pp. 3-4; *see also*, Ex. 1, Memorandum Opinion.
[36]  Ex. 1, Memorandum Opinion.

"[F]alse-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Govt*, 493 Fed. Appx. 578, 583 (5th Cir. 2012). Mayfield's conviction establishes probable cause in the absence of any evidence to the contrary, and probable cause negates claims for false arrest, malicious prosecution, and defamation.[37] *Cormier*, 493 Fed. App'x. at 583. "It also is immaterial that the plaintiff was not convicted on every count charged" because "[f]alse-arrest and malicious-prosecution claims—as attacks on probable cause—'focus on the validity of the arrest.'" *Id.* (citing and quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)).

Further, in order to prevail on their Section 1983 claims for wrongful seizure, malicious prosecution, retaliation, and selective prosecution, etc., Plaintiffs must prove lack of probable cause. However, Mayfield was convicted of forgery of financial instruments—the very crime upon which the search warrant, arrest, and prosecution were based. Because Plaintiffs cannot prevail on their Section 1983 claims without attacking the validity of Mayfield's criminal conviction, those claims are barred by *Heck*. *See, e.g.*, *Lavergne v. La. State Police*, 583 F. App'x 363, 364 (5th Cir. 2014) (per curiam), *cert. dismissed*, 135 S. Ct. 2361 (2015), *reconsideration denied*, 136 S. Ct. 291 (2015) (holding that plaintiff's claims that the evidence used against him

---

[37] Although it is unclear whether Mayfield asserts a Fourth Amendment malicious prosecution claim or a state law malicious prosecution claim, that she was convicted for other offenses arising from the same search and arrest establishes probable cause. The elements of Fourth Amendment malicious prosecution include "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (quoting *Gordy v. Burns*, 294 F.3d 722, 725 (5th Cir. 2002), *abrogated* by *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003), and citing *Thompson v. Clark*, —— U.S. ——, 142 S. Ct. 1332, 1337 n.2 (2022). Even assuming the dismissed charges could form the basis of a claim, Mayfield pleads those charges were dismissed in February 2010, more than 13 years ago. Doc. 1 at ¶ 57.

and led him to plead guilty were unlawfully seized would "implicitly call into question the validity of his convictions" and, thus, were barred by *Heck*).

Ultimately, there is no allegation – nor could there be – that Mayfield has invalidated her conviction. Under *Heck*, Mayfield's convictions cannot be reconciled with a favorable ruling on any or all claims for relief alleged by Plaintiffs.  Plaintiffs are barred under the *Heck* doctrine from recovering damages or obtaining injunctive or declaratory relief related to the search(es), seizure(s), and prosecution underlying Mayfield's convictions. Plaintiffs have failed to state a claim upon which relief may be granted.  *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim.).

### ii.   Plaintiffs cannot establish liability against Brazos County under *Monell*.

"[U]nder §1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York Cty. Dept. of Soc. Servs*., 436 U.S. 658, 694 (1978). The alleged constitutional violations must be directly attributable to Brazos County "through some sort of official action or imprimatur." *Piotrowski v. Cty. of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. Cty. of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. Cty. of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). In short, governmental entities cannot be held liable on a respondeat superior basis. *See Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson*, 848 F.3d at 395.

### a.   Plaintiffs cannot point to any official policy or custom that was the "moving force" behind any alleged constitutional violations to support a *Monell* claim.

Municipal liability under Section 1983 requires evidence of some policy or custom that causes a constitutional violation. *Monell*, 436 U.S. at 690–91. Specifically, "[a] plaintiff must identify and plead: (1) an official policy (or custom), of which (2) a policymaker can be charged

with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017) (*quoting Valle v. Cty. of Houston*, 613 F.3d 536, 541–542 (5th Cir. 2010)); *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. Cty. of Rio Grande Cty.*, 879 F.3d 613, 621 (5th Cir. 2018); *Covington v. Cty. of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020). Plaintiffs fail to satisfy all the elements of their claim.

First, Plaintiffs have nothing more than conclusory allegations that Brazos County "sanctioned the [alleged] custom, practice and/or policy or procedure of illegal searches, illegal seizures, and violating the citizen's rights to be free from unwanton searches and seizures." To show an official policy or custom existed, there must either be a policy officially adopted by the municipality's lawmaking officers or there must be a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. Cty. of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). There are no facts to suggest that Brazos County had any pattern of condoning illegal searches and seizures. Instead, Plaintiffs conclusorily allege that Brazos County (a) had actual and constructive knowledge of unlawful practices, customs and/or policies or procedures and (b) there are sufficiently numerous prior incidents of government officials committing perjury in order to obtain search and arrest warrants and fabricating and falsifying evidence to obtain convictions to establish a custom and accession to that custom by … Brazos County policy makers.[38] This is insufficient to allow an inference that an official policy or custom within the County existed. Without a showing of facts to show there was an official policy or custom, Plaintiffs fail to meet the first prong.

---

[38]   Doc. 1, ¶¶ 98-99.

Second, nothing in Plaintiffs' pleadings even identifies any policymaker, much less that any policymaker at Brazos County who can be charged with ratifying any unlawful actions alleged by Plaintiffs. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161–1162 (5th Cir. 1986). These allegations—or lack thereof—warrants a dismissal of Plaintiffs' *Monell* claim.

Finally, Plaintiffs fail to allege facts to support an alleged constitutional violation. Instead, Plaintiffs make conclusory allegations that Brazos County and its actors deprived them of their constitutional rights based on an alleged "custom, practice and/or policy or procedure of illegal searches, illegal seizures, and violating the citizen's rights to be free of unwanton searches and seizures." Plaintiffs do not allege any facts to show any other instances of alleged constitutional violations in the Complaint. The only constitutional violations are those that underly Mayfield's arrest and criminal conviction. Therefore, Plaintiffs have not pleaded an actionable constitutional violation because Mayfield's conviction resulted from the very search and arrest of which Plaintiffs complain here. Without an actionable constitutional violation, there is no municipal liability.

Even assuming Plaintiffs sufficiently pled a constitutional violation, they still fail the third prong as there are no facts to support that the County's alleged policies or customs were the moving force behind Plaintiffs' constitutional violations. *See Spiller v. Cty. of Texas Cty. Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). In other words, Plaintiffs fail to specifically describe how the complained of policy or custom relates to the constitutional violation. *Id.*; *McClure v. Biesenbach*, 402 F. Supp. 2d 753, 760 (W.D. Tex. 2005). Plaintiffs must show a direct, causal link between a municipal policy and the constitutional deprivation. *Cty. of Canton v. Harris*, 489 U.S. 378, 385 (1989). "It is only when the 'execution of the government's policy or custom … inflicts the injury' that the municipality may be held liable under § 1983." *Cty. of Canton*, 489 U.S. at 385 (citations

omitted). Other than threadbare and conclusory allegations, Plaintiffs do not allege facts to suggest that the County had an official policy or custom that was the moving force behind any alleged constitutional violations.

Because Plaintiffs fail to allege facts to support all three prongs of a *Monell* claim, their *Monell* claim against the County must be dismissed.

      **b.**    **Plaintiffs fail to plausibly allege facts to infer a failure to train or failure to discipline claim against Brazos County.**

To show the inadequacy of a municipality's training program requires that plaintiffs "allege with specificity how a particular training program is defective." *Zarnow v. Cty. of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (*quoting Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). To prevail on a "failure to train theory" plaintiffs must demonstrate: "that (1) the municipality's training policy or procedures were inadequate, (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Valle*, 613 F.3d at 544. In this analysis, the allegedly defective training represents the municipal policy, but the *Monell* analysis still applies. *Valle*, 613 F.3d at 544. These same elements apply to claims based the failure-to-discipline theory. *Snow v. Cty. of El Paso*, 501 F. Supp. 2d 826, 833 n.5 (W.D. Tex. 2006); *see Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). Plaintiffs fail to plead facts to meet all three of these elements.

Although Plaintiffs complain that Brazos County had a defective training program, Plaintiffs have not identified a policy maker, identified a particular training program (or part of a training program) or specified how such a program is deficient, other than to make the conclusory allegation that the isolated search of Plaintiffs' property and Ms. Mayfield's arrest resulted because it was performed by an officer tangentially connected to Brazos County. Plaintiffs merely contend,

in a conclusory fashion, that Brazos County had inadequate training. This is insufficient to allow the Court to plausibly infer that the County had inadequate training. Plaintiffs also fail to plead any additional allegations with any specificity as to how any aspect of Brazos County's particular training program is deficient and resulted in other constitutional violations. *See Roberts v. Cty. of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

Plaintiffs also fail to plead any allegations that the County was deliberately indifferent when adopting these alleged policies or customs. Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694. A plaintiff can establish deliberate indifference by demonstrating "a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted) cert. denied sub nom., *Cousin v. Berry*, 540 U.S. 826 (2003); see also *Languirand v. Hayden*, 717 F.2d 220, 227-28 (5th Cir. 1983). Plaintiffs' complaint also fails to mention facts showing any persistent, widespread practice or pattern of constitutional rights violations (illegal searches and seizures) by other officials or employees. The only incident described in this Complaint is the one involving Plaintiffs that forms the basis of this lawsuit.

For these reasons, Plaintiffs have failed to plead sufficient facts to support a failure to train claim, and their claims must be dismissed.

### iii.    Plaintiffs' claims are barred by limitations.

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense." *Abecassis v. Wyatt*, 785 F. Supp.2d 614, 651 (S.D. Tex. 2011) (citing *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987)). A court should dismiss

based on limitations "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

The Complaint alleges that Mayfield's conviction occurred on July 25, 2008, and that the townhouse was searched on August 10, 2007.[39] Not only should all the claims be dismissed under Rule 12(b)(6) as frivolous on their face, the statute of limitations for any meritorious claims have long since passed.[40]

Plaintiffs' claims for defamation and malicious prosecution are barred by limitations. Tex. Civ. Prac. & Rem. Code § 16.002 (one year limitations period). Plaintiffs' claims for personal injury, conversion of personal property, and taking or detaining the personal property of another are barred by limitations. Tex. Civ. Prac. & Rem Code § 16.003 (2-year limitations period). The Privacy Act claim is also barred by statute of limitations. There is a two-year statute of limitations that accrues once a plaintiff knows or has reason to know of a violation. *See* 5 U.S.C. § 552a(g)(1); *see also, e.g.*, *Nwangoro v. Dept. of Army*, 952 F. Supp. 394, 397 (N.D. Tex. Oct. 2, 1996), *Rittgers*, 131 F. Supp. At 651.[41]

The statute of limitations for a suit brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski* , 237 F.3d at 576. Because "Texas has a two-year statute of limitations for personal injury claims[,]" a civil rights

---

[39]   *See* Doc. 1, ¶¶ 1, 11.

[40]   Plaintiff Mayfield alleges that she "endured fifteen years of burglaries of her homes and vehicles and other places to maintain her conviction by the College Station, Brazos County, the Task Force, TSA and others." *See* Doc. 1, ¶ 58.  This allegation is the personification of a frivolous claim, as it is so outlandish on its face and devoid of merit.

[41]   As a side note on the Privacy Act claim, not only is it frivolous, but Plaintiffs have also failed to plead sufficient meritorious allegations that invoke any of the four avenues of relief set forth in 5 U.S.C. § 552a(g)(1)-(4).

plaintiff in Texas has two years from the date his claims accrue to file suit.  *Balle v. Nueces Cnty.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski*, 237 F.3d at 576); TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Plaintiffs claim their privacy was invaded, Mayfield was subject to illegal search and seizure, that the false and defamatory news stories were reported concerning evidence found in her home and that she was maliciously prosecuted.[42]  Plaintiffs' causes of action for illegal search accrued at the time of the complained of searches, but Mayfield's affidavit attached to Plaintiffs' complaint indicates July 10, 2007, as the date of the complained of search and arrest.  There is nothing to indicate Plaintiffs have been subjected to any additional searches or seizures since 2012, the date when she originally attempted to file suit against Defendants.[43]  Plaintiffs suit would have been barred by limitations in 2012 and is still barred today.  Because Plaintiffs have failed to bring their causes of action within the applicable statute of limitations and have pleaded no bases for tolling, their claims must be dismissed.

### iv.    Plaintiffs are not entitled to injunctive relief.

Returning to the Sixth claim for relief, Plaintiffs also seek an injunction requiring Brazos County and others to return or destroy all evidence collected pursuant to FISA authorized searches; to seek the return/destruction of such information from other agencies; and to refrain from redistributing any such information.[44]

"To be entitled to a preliminary injunction, the applicant [s] must show (1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] substantial injury outweighs the

---

[42]  *See* Doc. 1, pp. 49-52 and 56-57.
[43]  Compare Exs. 4 and 5 with Doc. 1.
[44]  *See* Doc. 1, ¶¶ 87 – 93.

threatened harm to the party whom [they] seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. Cty. of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009) (internal citation omitted). Each of these factors presents a mixed question of fact and law. *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001). The same analysis applies to a request for a permanent injunction. *See Environment Texas Citizen Lobby, Inc. v. Exxon Mobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016). Similarly, where a plaintiff seeks a mandatory injunction that "'will alter rather than maintain the status quo,'" he must show "'clear' or 'substantial' likelihood of success." *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000) (internal citation omitted).

As already explained in this motion, this *pro se* Complaint is frivolous. Plaintiffs cannot prove a substantial likelihood of success on the merits. An "absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003); *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085, 112 S.Ct. 2929, 120 L.Ed.2d 926 (1992) (per curiam). For the avoidance of doubt, Plaintiffs cannot satisfy the other elements necessary to establish grounds for an injunction. Moreover, the request for injunctive relief again calls into question Plaintiffs' standing to seek this relief. Brazos County fails to see how it is "likely, as opposed to merely speculative," that any purported injury will be redressed by a favorable order entering an injunction. *Lujan*, 504 U.S. 555, 560. Plaintiffs have failed to establish subject matter jurisdiction as outlined in this motion, and in the alternative, none of the claims state claims upon which relief can be granted.

### v.    Plaintiffs have failed to adequately plead a claim for conspiracy.

Plaintiffs also allege that Brazos County is liable to them because the County conspired to

violate their constitutional rights. Notwithstanding the failure to plead an actionable constitutional violation, Plaintiffs have not pleaded sufficient facts to establish a conspiracy.

A conspiracy cannot be divined from allegations that do not include facts to show the accused conspirators agreed to commit an illegal act. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Nothing in the complaint establishes any agreement between Brazos County and its personnel and any other person to agree to commit an illegal act.  Nothing in the complaint suggests what affirmative action Brazos County actors took to further the alleged conspiracy.  This claim is frivolous and must also be dismissed.

## VI.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs lack standing to assert—and the Court lacks jurisdiction over—certain claims as argued herein, and the Court should dismiss those claims without prejudice; in addition, Plaintiffs fail to state a claim against Brazos County upon which relief can be granted, and those claims should be dismissed with prejudice.  For the reasons articulated herein, Plaintiffs' Complaint (Doc. 1) against Brazos County should be dismissed under Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

**Carmen Jo Rejda-Ponce – Attorney-in-Charge**
State Bar No. 24079149
Federal ID No. 1366666
crejdaponce@germer.com
**Larry J. Simmons**
State Bar No. 00789628
Southern District of Texas No. 18830
ljsimmons@germer.com

&

**Robert L. Horn**
State Bar No. 24046107
Southern District of Texas No. 602230
rhorn@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420

## CERTIFICATE OF SERVICE

I certify that on the 24th day of October, 2023, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all known counsel of record pursuant to the Federal Rules of Civil Procedure. Additionally, a copy of the foregoing document was served on Plaintiffs by certified mail, return receipt requested to their last known address:

Helen Tyne Mayfield
P. O. Box 37165
Houston, Texas 77237

James Campbell
c/o Helen Tyne Mayfield
P. O. Box 37165
Houston, Texas 77237

Robert L. Horn